| | | |
|---|---|---|
| CARL LAVERGNE | : | 13TH JUDICIAL DISTRICT COURT |
| VS. NO. 71877-B | : | PARISH OF EVANGELINE |
| TRANSOCEAN, LTD.; BP, Plc.; HALLIBURTON ENERGY SERVICES, INC.; AND CAMERON INTERNATIONAL CORPORATION, D/B/A CAMERON SYSTEMS CORPORATION | : | STATE OF LOUISIANA |
| FILED:_____ | : | _____<br>DEPUTY CLERK OF COURT |

## PETITION FOR DAMAGES

The petition of CARL LAVERGNE, who respectfully represents:

1.

Petitioner, CARL LAVERGNE, is a resident of the full age of majority and domiciled in Jefferson Davis, Louisiana.

2.

Made defendants herein are:

   a. TRANSOCEAN, LTD., a foreign company, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, CT Corporation System, 5616 Corporate Boulevard, Suite 400 B, Baton Rouge, LA 70808;

   b. BP, Plc, a foreign company, authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of process, CT Corporation System, 5616 Corporate Boulevard, Suite 400 B, Baton Rouge, LA 70808;

   c. HALLIBURTON ENERGY SERVICES, INC., a Louisiana foreign company, authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, CT Corporation System, 5616 Corporate Boulevard, Suite 400 B, Baton Rouge, LA 70808; and

   d. CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION, a foreign company, which is authorized to do and doing business in the State of Louisiana, having its principal place of business located at #6 Holloway Boulevard, Ville Platte, Louisiana 70586-9778, and which may be served through its agent for service of process, CT Corporation System, 5616 Corporate Boulevard, Suite 400 B, Baton Rouge, LA 70808.

3.

Jurisdiction is proper in Evangeline Parish since it is the principal place of business for CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION, made one of the defendants herein.

4.

Defendants are justly and truly indebted to Petitioner for the following reasons.

5.

At all times pertinent herein, Petitioner was an employee of and in the course and scope of his employment with Offshore Cleaning Systems, L.L.C.


EXHIBIT A

6.

At all times pertinent herein, Defendant, TRANSOCEAN, LTD., was the owner of the M/V *Deepwater Horizon.*

7.

At all times pertinent herein, Defendant, BP, Plc, was the lessee of the M/V *Deepwater Horizon* and the operator of an exploratory oil well in the Macondo Prospect (Mississippi Canyon Block 252).

8.

At all times pertinent herein, Defendant, HALLIBURTON ENERGY SERVICES, INC., was the well cement contractor for BP, Plc.

9.

At all times pertinent herein, Defendant, CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION, was the owner and supplier of the blowout prevention device installed on the well.

10.

At all times pertinent herein, Plaintiff was a seaman employed by Defendants and a member of the crew of the M/V *Deepwater Horizon.*

11.

On April 15, 2010, Petitioner reported for work at the BP Heliport in Houma, Louisiana.

12.

By 7:30 a.m. that morning, Petitioner was on board the M/V *Deepwater Horizon.*

13.

On Tuesday, April 20, 2010, Petitioner and his crew were instructed by BP, Plc to stand down as the operator was expecting a 'kick' from the well during completion operations.

14.

At approximately 9:30 p.m. that evening, an explosion rocked the M/V *Deepwater Horizon*, killing eleven (11) crewmembers and injuring Plaintiff.

15.

The force of the explosion threw Plaintiff into the air and he was injured when he crashed to the floor some twenty five (25) feet away.

16.

The explosion was caused by Defendants' negligence in the following, non-exclusive, manner:

    a. failing to properly supervise the crew;

    b. failing to properly train the crew;

    c. failing to provide adequate safety equipment;

    d. failing to provide adequate medical treatment;

    e. failing to operate the vessel with an adequate crew;

    f. failing to maintain the vessel;

    g. failing to provide adequate well control system;

    h. failing to properly cement the well;

    i. failing to properly monitor the well;

    j. failing to follow proper safety procedures;

    k. failing to follow proper testing procedures;

    l. failing to follow proper inspection procedures;

    m. failing to warn of a dangerous condition;

    n. failing to conduct proper search and rescue operations;

    o. failing to follow applicable Coast Guard, MMS and/or OSHA regulations;

    p. failing to provide Plaintiff with a safe place to work and/or requiring Plaintiff to work in an unsafe environment; and

    q. any other acts, which may be shown at the trial of this matter.

17.

Since Plaintiff was injured while in the service of the vessel, he is entitled to maintenance and cure benefits from the onset of his disability until such time as maximum cure is reached. In the event such maintenance and cure is not timely and properly paid, Plaintiff is entitled to receive attorney's fees and costs for any wrongful failure to timely and properly pay maintenance and cure along with legal interest thereon.

18.

As a result of Defendants' collective reckless disregard for the health, safety and welfare of its employees, the unseaworthiness of the M/V *Deepwater Horizon* and as a result of Defendants' collective gross negligence, Plaintiff has suffered and continues to suffer the following, non-exclusive, damages:

    a. past, present and future physical pain and suffering;

    b. past, present and future mental pain and suffering;

    c. past, present and future loss of wages;

    d. past, present and future medical expenses;

    e. Loss of earning capacity;

    f. Disfigurement and disability;

g. Loss of enjoyment of life;

  h. Loss of fringe benefits; and

  i. any other damages, which may be shown at the trial of this matter.

19.

Plaintiff is a Jones Act Seaman and is, therefore, entitled to bring this action without prepayment of costs.

20.

Plaintiff desires and is entitled to a trial by jury.

21.

Petitioner prays for legal interest from the date of injury, until paid.

WHEREFORE, Petitioner, CARL LAVERGNE, prays that Defendants, TRANSOCEAN, LTD.; BP, Plc; HALLIBURTON ENERGY SERVICES, INC.; and CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION, be duly cited and served with this petition and that after due proceedings had, there be judgment herein, in their favor, and against Defendants, TRANSOCEAN, LTD.; BP, Plc; HALLIBURTON ENERGY SERVICES, INC.; and CAMERON INTERNATIONAL CORPORATION, d/b/a CAMERON SYSTEMS CORPORATION, for all damages reasonable under the premise, together with interest from date of judicial demand, until paid, and all costs of these proceedings and any other damages reasonable under the premise.

Respectfully submitted,

MUDD & BRUCHHAUS, L.L.C.

_____
DAVID P. BRUCHHAUS (#24326)
CHAD E. MUDD (#25188)
M. KEITH PRUDHOMME (#14336)
410 E. College Street
Lake Charles, LA 70605
Telephone: (337) 562-2327

**SERVICE INSTRUCTIONS:**
Please serve defendants as outlined in the Petition.

A TRUE COPY
Ville Platte, LA
Deputy Clerk of Clerk